FILED
United States Court of Appeals
Tenth Circuit

March 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARYL ORTEGA,

       Plaintiff-Appellant,

v.

QWEST CORPORATION; STEVE
KAMINSKI, as an employee of Qwest
Corporation,

       Defendants-Appellees.

No. 12-2112
(D.C. No. 1:10-CV-00998-BB-ACT)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Daryl Ortega worked as a Network Technician for Qwest from July 1998 until

he was terminated in November 2009. Qwest terminated Mr. Ortega for

unsatisfactory performance after Mr. Ortega allegedly threatened a third-party

contractor at Qwest's office in Taos, New Mexico. Mr. Ortega's union challenged

the termination under the Collective Bargaining Agreement (CBA), but the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

termination was upheld after the grievance went to arbitration. Mr. Ortega ultimately filed a complaint against Qwest and Steve Kaminski, his direct supervisor. He alleged that he was discriminated against on the basis of race resulting in disparate treatment and a hostile work environment and that he was retaliated against for reporting an incident of racial discrimination. He also alleged that he was wrongfully terminated in violation of state law.

Defendants moved for summary judgment on all claims. Considering Mr. Ortega's disparate treatment claim under the traditional burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), the district court determined that Mr. Ortega had established a prima facie case of discrimination and that Qwest had articulated a legitimate, nondiscriminatory reason for terminating him. The district court concluded, however, that Qwest was entitled to summary judgment on this claim because Mr. Ortega had failed to demonstrate that Qwest's reason for terminating him—threatening a third-party contractor in violation of Qwest's code of conduct—was pretextual or unworthy of belief.

Next, the district court determined that summary judgment was appropriate on Mr. Ortega's hostile-work-environment and retaliation claims. The district court concluded that the four race-based comments and the two incidents of discipline or increased scrutiny Mr. Ortega identified did not rise to the level of pervasive or severe harassment sufficient to create a hostile work environment. As for the retaliation claim, the district court concluded that Mr. Ortega had failed to establish a

causal connection between his report of discrimination in 2007 and his termination in 2009.

Finally, the district court determined that summary judgment was proper on Mr. Ortega's state-law wrongful termination claim. The court noted that Mr. Ortega was not an at-will employee as his employment was governed by the CBA and his union had pursued a grievance after he was terminated. The district court explained that "New Mexico law has recognized that employees whose employment is governed by a CBA, which only permits an employee to be terminated for cause and provides a grievance procedure if an employee believes he was terminated unfairly, is not an at-will employee and cannot recover damages under the tort of retaliatory discharge." Aplt. App. at 212. The court therefore concluded that the tort of wrongful termination was not available to Mr. Ortega.

On appeal, Mr. Ortega argues generally that the district court erred in granting summary judgment because there are triable issues of fact in dispute. We have reviewed the record, the briefs, and the relevant legal authority under a de novo standard of review, *see Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 826 (10th Cir. 2012), and we agree with the district court's cogent and well-reasoned analysis. Accordingly, for substantially the same reasons as articulated by the district court in its Memorandum Opinion dated June 6, 2012, we affirm.

Entered for the Court

Bobby R. Baldock
Circuit Judge